# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Hire Quest LLC, Hire Quest LTS LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HUB International Midwest Limited, | ) | 2:18-cv-01895 |
| Clint Anderson, Ed McConnell, | ) | |
| Rod Maynor, Assurance Agency, | ) | **ORDER** |
| Black Wolf Consulting, Inc., | ) | |
| Tall Tree Administrators, LLC, | ) | |
| Benefit Plan Administrators Inc, | ) | |
| Wilson Benefits, Veritas Health Systems | ) | |
| Administrator and Insurance Services, Inc., | ) | |
| Capitol Administrators, Inc., | ) | |
| AEU Benefits. LLC, AEU Holdings, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a motion to stay by defendant Benefit Plan Administrators Inc ("BPA"), ECF No. 51. For the reasons set forth below, the court grants the motion to stay, pending an order from the United States District Court for the Northern District of Illinois, Eastern Division that allows this case to proceed.

Plaintiffs enrolled in a voluntary employees beneficiary association trust run by defendants AEU Benefits, LLC, AEU Holdings (together, the "AEU defendants"), and Black Wolf Consulting, Inc. ("Black Wolf"). Plaintiffs claim that they were fraudulently induced by defendant Clint Anderson to enter into this plan. From January 1, 2016 to December 1, 2016, defendant Veritas Health Systems Administrator and Insurance Services, Inc. ("Veritas") served as the Plan Manager, defendant Wilson Benefits served as the Plan Administrator, and defendant Tall Tree Administrators LLC ("Tall Tree") served as the third-party administrator. At the end of 2016, plaintiffs were informed that

1

the AEU defendants would take over as the Plan Manager and BPA would take over as the third-party administrator. Plaintiffs allege, among other things, that AEU defendants and Black Wolf have committed fraud in the manner in which they have run the plan and have wrongly denied paying out a substantial number of valid health care claims. Plaintiffs also alleges that certain plan managers and administrators were negligent and engaged in a conspiracy to allow this fraudulent scheme to continue.

On November 2, 2017, the Department of Labor ("DOL") filed suit against AEU Benefits LLC, AEU Holdings, LLC, the AEU Holdings LLC Employee Benefit Plan ("the AEU Plan"), Black Wolf Consulting, Inc., and SD Trust Advisors, LLC regarding the multi-employer welfare arrangement run by the AEU defendants and Black Wolf, in a case titled Acosta, Secretary of Labor, United States Department of Labor v. AEU Benefits, LLC, et al., N.D. Il. Case No. 1:17-cv-007931 (the "DOL Action"). The DOL alleges that the defendants in that case breached their fiduciary duties by improperly using the assets of the participating plans to pay themselves excessive fees, which has created a shortfall in plan assets and caused over $26 million dollars of claims to go unpaid. On November 15, 2017, Judge Joan Lefkow issued an Order Staying All Proceedings ("Stay Order') of all other state and federal actions related to that matter. See id., ECF No. 38. Specifically, the Stay Order states that, pursuant to the All Writs Act, 28 U.S.C. § 1651:

> All state and other federal court actions against the AEU Plan and Participating Plans and their plan assets, or against participants and beneficiaries[,] for unpaid benefit claims incurred while a participant or beneficiary participating in the AEU Plan and payment for which the AEU Plan is likely responsible, whether filed by or on behalf of participants, participating employers, health care providers, collection agencies, or other, are hereby stayed an enjoined pending the final disposition of this action, or until further order of this Court.

BPA argues that this Stay Order applies to the case currently before this court, because plaintiffs are suing AEU Benefits, LLC, AEU Holdings, and Black Wolf for the value of unpaid benefit claims incurred while Hire Quest was a participant in the AEU Plan. Plaintiffs argue that the Stay Order does not apply because it only prohibits actions against the AEU Plan, and plaintiffs have not included the AEU Plan as a defendant in this action, but rather have only brought suit against AEU Benefits, LLC and AEU Holdings. The court finds that it likely that the Stay Order prohibits actions such as this, even if plaintiffs have chosen to avoid listing the AEU Plan as a defendant. The current action is so substantially similar to the DOL Action, and the defendants in the current action are so strongly connected to the defendants in the DOL Action, that the court deems it proper to grant the motion to stay, pending an order from the United States District Court for the Northern District of Illinois, Eastern Division that allows this case to proceed.[1]

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 22, 2018**
**Charleston, South Carolina**

---

[1] The parties may move to intervene in the DOL Action to seek clarification on whether the Stay Order applies to their matter. Judge Lefkow has addressed a similar issue in this manner. See 1:17-cv-07931, ECF Nos. 136, 169.